**FILED**
July 22, 2021
ST-2013-CV-00227
**TAMARA CHARLES
CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| HASSAN ABDALLAH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. ST-2013-CV-00227 |
| | ) | |
| -vs- | ) | |
| | ) | ACTION FOR ACCOUNTING, |
| | ) | DEBT BREACH OF CONTRACT |
| HASAN ABDEL-RAHMAN, | ) | and FRAUD |
| MALEA KIBLAN RAHMAN, | ) | |
| ABDUL SAMAD, | ) | |
| FOAD SAMAD, and | ) | |
| AYMAN ABDEL-SAMAD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| HASSAN ABDEL-RAHMAN, | ) | |
| Individually and derivatively on behalf of | ) | |
| DOCKSIDE CONVENIENCE, LLC, | ) | |
| MALEA KIBLAN RAHMAN, | ) | |
| ABDUL SAMAD, FOAD SAMAD, | ) | |
| AYMAN ABDEL-SAMAD, and | ) | |
| FALAHEEN ENTERPRISES, INC., | ) | |
| | ) | |
| Counter-Plaintiff, | ) | COUNTERCLAIM FOR FRAUD, |
| | ) | BREACH OF FIDUCIARY DUTY |
| -vs- | ) | IMPOSITION OF |
| | ) | CONSTRUCTIVE TRUST, |
| | ) | ACCOUNTING, ALTER EGO, |
| | ) | and BREACH OF CONTRACT |
| HASSAN ABDALLAH, AHMAD ABDALLAH, | ) | |
| PETRLEUM BROKERS, LLC, and | ) | |
| GIANT MARKET, LLC | ) | |
| | ) | |
| Counter-Defendants, | ) | |
| | ) | |
| DOCKSIDE CONVENIENCE, LLC, | ) | |
| | ) | |
| Nominal Counter-Defendants. | ) | |
| | ) | |

2021 VI Super 75

## MEMORANDUM OPINION and ORDER

¶1    **THIS MATTER** is before the Court on Counter-Plaintiff's, Hasan Abdel-Rahman, as a member of Dockside Convenience LLC (hereinafter "Dockside"), and Foad Samad, as a member of Dockside (hereinafter "Movants"), motion for judicial dissociation of Counter-Defendant Hassan Abdallah (hereinafter "Abdallah") from Dockside Convenience LLC, filed February 9, 2021, under V.I. CODE ANN. tit. 13 § 1601(6); Plaintiff's Opposition to the Emergency Motion for Dissociation filed on February 23, 2021; and Defendants' Reply to Opposition to Emergency Motion for Judicial Dissociation of Hassan Abdallah from Dockside Convenience LLC due to Criminal Guilty Plea and Impending Judgment of Forfeiture filed on February 26, 2021. The Court heard oral argument March 24, 2021, and allowed counsel to file supplemental legal authority, if the parties deemed it necessary. On March 30, 2021, Defendants filed a Notice of Supplemental Legal Authority re: Motion for Judicial Dissociation. No response was received from Plaintiff.

## I.    FACTS

¶2    Movants are two of the three members of Dockside, a limited liability company based in the Virgin Islands. Abdallah is the third member of Dockside. He is a resident of Michigan who owned and operated several pharmacies in the Dearborn and Detroit area.

¶3    On January 19, 2021, Abdallah plead guilty to Count One of a Federal Indictment that charged Plaintiff and several other individuals, in the U.S. District Court in the Eastern District of Michigan, Southern Division, in Criminal Case No. 2:20-cr-20162. Count One charged the Plaintiff with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. Sentencing was scheduled for April 20, 2021.[1]

¶4    A condition of the plea agreement required that Abdallah pay restitution totaling $6,519,189.44, payable to the U.S. Department of Health and Human Services, and $363,382.42, payable to Blue Cross Blue Shield of Michigan.

¶5    Abdallah also agreed to the forfeiture of money found in three listed bank accounts, as well as $20,154 in U.S. currency. These funds would be used to satisfy the forfeiture money judgment to be entered against Abdallah totaling $4,264,227. Abdallah agreed to the forfeiture of substitute assets in order to satisfy the money judgment and waived his right to oppose the forfeiture of substitute assets.

¶6    On February 9, 2021, movants filed a motion requesting relief pursuant to 13 V.I.C. § 1601(6)(i), a judicial order dissociating Abdallah from Dockside Convenience LLC, due to his

---

[1] The Court notes that the April 20, 2021, sentencing date was continued without date and is still pending at the time of writing this Memorandum and Opinion.

engaging in wrongful conduct that adversely and materially affected the company's business. The operating agreement that governs Dockside does not address misconduct and does not include a mechanism that allows for dissociation by the members. The movants are therefore seeking a judicial order dissociating Abdallah from Dockside. Abdallah filed a response to the motion on February 23, 2021, with the movants filing a reply to Abdallah opposition filing on February 26, 2021. A hearing was held on March 24, 2021, during which the court heard arguments on the motion.

## II.    LEGAL STANDARD

¶7      A motion for judicial dissociation of a member from a limited liability company is governed by 13 V.I.C. § 1601(6), which creates three scenarios in which a judicial order is permissible. The member must have "engaged in wrongful conduct that adversely and materially affected the company's business, willfully or persistently committed a material breach of the operating agreement or of a duty owed to the company or the other members, or engaged in conduct relating to the company's business which makes it not reasonably practicable to carry on the business with the member."[2] Movants argue that Abdallah' actions warrant a judicial order under the first prong of 1601(6).

¶8      When interpreting statutory text, the Court's first step is to determine whether the language at issue has a plain unambiguous meaning by reading the words and phrases of the statute in context and construing them according to the common and approved use of the English language.[3] When the language is ambiguous, the Court will proceed to examine the legislative history of the statute and its purpose to determine the legislature's intent.[4] The Court shall be mindful that a statute should not be construed and applied in such a way that would result in injustice or absurd consequences.[5]

## III.    ANALYSIS

### A. Banks Analysis

¶9      The movants argue that Abdallah's criminal actions in Michigan constitute wrongful conduct. The term wrongful conduct can be understood on its plain meaning. Black's Law Dictionary defines wrongful conduct as "an act taken in violation of a legal duty; an act that unjustly infringes on another's rights."[6] Virgin Islands courts have yet to apply this definition to

---

[2] V.I. Code Ann. tit. 13 § 1601(6)
[3] *One St. Peter, LLC v. Bd. Of Land Use Appeals*, 67 V.I. 920, 924 (V.I. 2017).
[4] *Id.* at 926.
[5] *Gilbert v. People*, 52 V.I. 350, 356 (V.I. 2009).
[6] BLACK'S LAW DICTIONARY 337 (9th ed. 2009).

Hasan Abdel Rahman et al v. Hassan Abdallah et al
Case No. ST-2013-CV-00227
Memorandum Opinion & Order
Page 4 of 6

the context of a limited liability company. Where the Virgin Islands Supreme Court has yet to rule on an issue, further analysis a is necessary per *Banks v. Int'l Rental & Leasing Corp.*.[7]

¶10    A *Banks* analysis is a three-part test to determine the best rule for the Virgin Islands. The first step is to determine whether Virgin Islands courts have previously adopted a particular rule. The second step is to review the rule adopted by a majority of courts from other jurisdictions. The third step is to determine the soundest rule for the Virgin Islands.[8]

¶11    Regarding the first factor, Courts in the Virgin Islands have yet determined what actions constitute wrongful conduct under 13 V.I.C. 1601(6). Therefore, the Court must look to other jurisdictions to determine the majority rule.

¶12    In determining what actions fall under the definition of wrongful conduct, courts in other jurisdictions have limited the definition to actions that occur within the sphere of business activities.[9] In *Left Coast Wrestling, LLC v. Dearborn International LLC*, a California district court found that a company member's use of his current company's trademark for another business constituted wrongful conduct and merited judicial dissociation under California's judicial dissociation statute.[10]

¶13    In *Kenny v. Fulton Assocs.*, an Illinois court found that the improper exercise of managerial authority and unauthorized hiring of several attorneys using company funds constituted wrongful conduct that merited judicial dissociation under the Illinois judicial dissociation statute.[11]

¶14    In *Raley v. Brinkman*, a Tennessee court found that the misappropriation of funds for personal benefit and the withholding of large portions of other members distributions and salary constituted wrongful conduct warranting judicial dissociation under the Tennessee judicial dissociation statute.[12]

¶15    The final step in the *Banks* analysis is to determine the soundest rule for the Virgin Islands. The plain meaning of wrongful conduct is understood to be conduct that violates a legal duty or infringes on another's rights. Other jurisdictions, in their application of the term wrongful conduct, have limited the use of judicial dissociation to those actions which have a tangible connection to the limited liability company from which the dissociation will occur. These actions vary from

---

[7] *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 982 (V.I. 2011).

[8] *Id.*

[9] *See Left Coast Wrestling, LLC v. Dearborn International LLC*, No. 317CV00466LABNLS, 2018 WL 2328471 (S.D. Cal. May 23, 2018) (mounting of a competing tournament by use of the marks, customers, and contacts of the LLC constituted wrongful conduct); *Kenny v. Fulton Assocs., LLC* IL App (1st) 1525365-U at *78 (unauthorized hiring of attorneys constituted wrongful conduct); *Raley v. Brinkman*, 621 S.W.3d 208, 214 (Tenn. Ct. App. 2020) (failure to pay capital contribution and misappropriating funds for personal use constituted wrongful conduct).

[10] *Left Coast Wrestling, LLC v. Dearborn International LLC*, No. 317CV00466LABNLS, 2018 WL 2328471 (S.D. Cal. May 23, 2018); *see also* Cal. Corp. Code § 17706.02.

[11] *Kenny v. Fulton Assocs., LLC* IL App (1st) 1525365-U at *78; *see also* 805 ILCS 180/35-45.

[12] *Raley v. Brinkman*, 621 S.W.3d 208, 214 (Tenn. Ct. App. 2020); *see also* Tenn. Code Ann. 48-249-503.

unauthorized use of management authority, to misappropriation of company funds, to use of company marks and contacts but all the actions have a tangible connection to the business activities of the company.[13] After analyzing the plain meaning of the term and determinations of other jurisdictions, the Court finds that the best rule for the Virgin Islands is that wrongful conduct under 13 V.I.C. 1601(6)(i), includes actions that violate a legal duty to or infringe on the rights of another member or the company, and must have a tangible connection to the activities of the limited liability company requesting dissociation.

### B. The wrongful conduct of Abdallah and the potential harm caused to Dockside do not meet the standard required in 13 V.I.C. 1601(6)(i)

¶16    The conduct which movants claim warrants judicial dissociation in the case of Abdallah and Dockside was criminal conduct involving a group of pharmacies in Michigan. While the actions of Abdallah violated the law, those actions did not violate a legal duty or infringe on the rights of his fellow Dockside members. It is important to note that the operating agreement that governs Dockside does not address misconduct and has no mechanism that allows for dissociation by the members. Movants also fail to show that criminal conduct occurring in Michigan had any tangible connection to Dockside in the Virgin Islands. Therefore, the Court finds that the Abdallah's conduct does not meet the standard required for wrongful conduct under 13 V.I.C. 1601(6)(i).

¶17    Additionally, the harm that movants allege is a potential future harm and not one that has already occurred. Movants argue that Dockside's property may, in the future be forfeited as part of Abdallah's plea agreement. The statute requires that the wrongful conduct has adversely and materially affected the company.[14] Using a plain meaning reading, the past tense word affected, requires that the harm has already occurred. It can not be a future prospective harm. Therefore, the Court finds that the potential for property forfeiture does not meet the standard for adverse and material harm required by the statute. The Court also notes that movants have several avenues available to mitigate this potential harm.[15]

### IV.    CONCLUSION

¶18    This matter is before the Court on movants motion for dissociation seeking to have Abdallah dissociated from Dockside by judicial order. The court has determined through a *Banks* analysis that the best interpretation of wrongful conduct under 13 V.I.C. 1601(6)(i) includes actions that violate a legal duty to or infringe on the rights of another member or the company and

---

[13] *See Left Coast Wrestling, LLC v. Dearborn International LLC*, No. 317CV00466LABNLS, 2018 WL 2328471 (S.D. Cal. May 23, 2018); *see also Kenny v. Fulton Assocs., LLC* IL App (1st) 1525365-U at *78; *see also Raley v. Brinkman*, 621 S.W.3d 208, 214 (Tenn. Ct. App. 2020).

[14] V.I. Code Ann. tit. 13 § 1601(6)(i).

[15] Movants may assert their third party interest in property included in a forfeiture under 21 U.S.C. § 853(n). They may also assert the innocent owner defense permitted under 18 U.S.C. § 983(d).

Hasan Abdel Rahman et al v. Hassan Abdallah et al
Case No. ST-2013-CV-00227
Memorandum Opinion & Order
Page 6 of 6

must have a tangible connection to the activities of the limited liability company requesting dissociation. Additionally, the adverse and material impact that the wrongful conduct has had on the other members and the company must have already occurred. Prospective future harm does not fall under the meaning of the statute. The conduct of Abdallah and the prospective harm that movants allege do not fall under the meaning of the statute.

¶19     Accordingly, it is hereby

ORDERED that movants motion for dissociation is **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that a copy of this Memorandum Opinion & Order shall be directed to counsel of record.

DATED: July 22nd, 2021

_____
SIGRID M. TEJO
Judge of the Superior Court of the Virgin Islands

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

By: _____
LATOYA CAMACHO
Court Clerk Supervisor___7/23/2021